UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC RHETT,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | Civil Action No. 15-1846 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

　　Pro se Plaintiff Eric Rhett ("Plaintiff" or "Rhett") submitted a Complaint to this Court on March 3, 2015, together with an application to file his Complaint without prepayment of fees and to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915 and will direct that the Clerk of the Court file Plaintiff's Complaint. However, under § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss them if it determines that the action cannot or should not proceed. For the following reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

　　Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, because Plaintiff proceeds in forma pauperis, the Court must review his Complaint pursuant to 28 U.S.C. § 1915(e) and dismiss the action if it determines that:

1

>> (A) the allegation of poverty is untrue; or
>
>> (B) the action or appeal –
>
>>> (i)     is frivolous or malicious;
>
>>> (ii)    fails to state a claim on which relief may be granted; or
>
>>> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

To evaluate whether a complaint must be dismissed under § 1915(e)(2)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court will apply this standard to Plaintiff's Complaint.

Even interpreting Plaintiff's Complaint liberally, the Court cannot ascertain from it a comprehensible statement that would render Plaintiff plausibly entitled to relief. To wit, Plaintiff has not articulated a cogent allegation pertaining to any unlawful action of the Defendant, which appears to be the United States Courts. As best as this Court can construe the allegations set forth in the Complaint, Plaintiff's grievance appears to target discovery proceedings related to other matters. In particular, the Court gathers that underlying Plaintiff's submission is a disagreement with the fact and manner of distribution regarding his late mother's trust, and with

the conduct and decisions of his sister, who appears to have administered that trust.  With respect to the relief apparently sought in this particular action, Plaintiff appears to demand that the Court "enforce [a] medical allowance at once"; "sanction [the] proper party for mail tampering; contempt of Court; for direct disrespect and disobedience to the Federal Court procedure of Service; by returning pleadings after being served."  Even construing the submission generously, this Court is hard pressed to identify any viable claim plausibly entitling Plaintiff to relief as against the United States Courts.

The Complaint thus fails to state facts from which it could be inferred that Defendant is liable under any federal causes of action.  This action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   Because it is possible that Plaintiff can re-plead his allegations in such a manner that clearly sets forth a basis for recovery, the Court will dismiss the action without prejudice.  Plaintiff will be given forty-five days to file an Amended Complaint; if he does not, the Clerk of the Court is directed to terminate the action.   An appropriate Order will be filed.


   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: March 31, 2015