UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC RHETT, | : |
|  | : |
| Plaintiff, | : Civil Action No. 15-1846 (SRC) |
|  | : |
| v. | : OPINION |
|  | : |
| UNITED STATES OF AMERICA, | : |
|  | : |
| Defendant. | : |

**CHESLER**, District Judge

On March 31, 2015, this Court dismissed the Complaint of pro se in forma pauperis Plaintiff Eric Rhett ("Plaintiff") pursuant to 28 U.S.C. § 1915, after the Court found the Complaint to be incoherent and lacking in any viable claim. The Court granted Plaintiff leave to amend the pleading, and on April 8, 2015, Plaintiff filed an Amended Complaint. Because this more recent submission similarly fails to state any comprehensible and viable claim upon which relief could be granted, the Court will dismiss Plaintiff's action with prejudice.

As noted in this Court's March 31 Opinion, Plaintiff proceeds pro se and the Court thus holds his pleadings to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must nevertheless review Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e) and dismiss the action if it "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2). To evaluate the Amended Complaint under § 1915(e)(2)(ii), the Court applies the same standard of review as

1

that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Earlier, in its March 31 Opinion, the Court was unable to identify any comprehensible allegations in the Complaint that could render Plaintiff entitled to relief.  The Court gathered from Plaintiff's allegations that he believed he had been treated unfairly during the administration of his late mother's trust.

Now, as best as the Court can construe, Plaintiff's Amended Complaint targets various entities who allegedly failed to provide Plaintiff with disability and other benefits.  Plaintiff names numerous Defendants:  the Hudson County Child Support Unit; PSE&G Company; Joseph Sinisi; Fireman's Fund Insurance Company; New Jersey State Trust Fund; Hugh P. Francis, Esq.; Dr. Howard Pecker; Dr. Douglas Bradley; Dr. Fad J. Bejjani; George Lucyamma Thalowy; Mehta Monica M.D.; Freda J. Rhett; and the Department of Community Affairs – Division of Housing.  Plaintiff does not include, however, any comprehensible statements alleging plausible entitlement to relief with respect to any of these Defendants.  Plaintiff's lengthy submission appears to present numerous unconnected grievances about not receiving certain payments; yet nowhere in the submission does Plaintiff provide a digestible set of facts demonstrating that Plaintiff was unlawfully denied a benefit to which he was entitled.  Also

2

interspersed throughout Plaintiff's Amended Complaint are snippets of laws, receipts, grocery purchases, electricity bills, newspaper clippings, paychecks, and various applications that Plaintiff has filled out.  None of these documents, however, together paint a picture from which the Court can view any plausible legal claims.

All told, the Amended Complaint fails to state facts from which the Court can infer that any of the named Defendants are liable to Plaintiff under any federal causes of action.  The Court will therefore dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because the Court has already granted Plaintiff leave to amend his pleadings once, and because the new submission again fails to present any comprehensible, viable claims, the Court will now dismiss the action with prejudice.  An appropriate Order will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: May 19, 2015